12-5702.131-JCD                                              June 26, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFIE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 5702 |
| | ) | |
| OFFICER CARATACHEA and | ) | |
| VILLAGE OF EAST HAZEL CREST, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

## BACKGROUND

In this § 1983 action, plaintiff, Jeffie Hill, alleges that on July 18, 2010, defendant Jalye Caratachea, a police officer for the Village of East Hazel Crest, Illinois (the "Village"), falsely arrested him and subjected him to excessive force. Hill also asserts a Monell claim against the Village.

Defendants move to dismiss the complaint on the ground that plaintiff's claims are barred by the applicable statute of limitations.

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). Plaintiff contends that defendants' motion should be denied because complaints are not required to anticipate affirmative defenses such as a statute of limitations. But "[w]hile a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Logan v. Wilkins, 644 F.3d 577, 582 (7th Cir. 2011); see also Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008).

The statute of limitations for plaintiff's claims is determined by state law. See Hoagland v. Town of Clear Lake, 415 F.3d 693, 699–700 (7th Cir. 2005) ("For §[] 1983 . . . claims, the statute of limitations is determined by the law of the state in which the violation took place."). The alleged violations took place in Illinois; therefore, we apply its two-year statute of limitations governing personal injury claims, 725 ILCS 5/13-202. Brooks v. Ross, 578 F.3d 574, 578-79 (7th Cir. 2009); Williams v. Lampe, 399 F.3d 867, 869-70 (7th Cir. 2005).

- 3 -

Defendants contend, and Hill does not dispute, that Hill's claims accrued on July 18, 2010, the date the complaint alleges that the arrest and use of force occurred. Plaintiff filed the complaint in this case on July 19, 2012. Hill does not dispute that he filed this action one day after the statute of limitations expired,[1] but he does argue that the late filing occurred through no fault of his own and that barring this action "would yield a rather inequitable result." (Pl.'s Resp. at 2.)

We are unpersuaded. Plaintiff fails to develop any sort of estoppel or tolling argument or explain why application of the statute of limitations would otherwise be inequitable. There is nothing inherently unfair about a statute of limitations, and furthermore, as defendants point out, the Seventh Circuit has remarked: "A statute of limitations confers rights on putative defendants; judges cannot deprive those persons of entitlements under a statute." Lee v. Cook County, 635 F.3d 969, 972 (7th Cir. 2011). It is unfortunate that this action was filed just one day late, but it is nonetheless time-barred.

---

[1] In determining whether the statute of limitations has run, courts apply Federal Rule of Civil Procedure 6(a), which describes how to compute time periods. See, e.g., Henderson v. Bolanda, 253 F.3d 928, 931 n.2 (7th Cir. 2001). Rule 6(a)(1)(C) allows for "next day" filings with respect to periods of time that are stated in days or longer units of time (here, years), but only if the last day of the period at issue is a Saturday, Sunday, or legal holiday. July 18, 2012 was not a Saturday, Sunday, or legal holiday.

- 4 -

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the complaint [35] is granted. This action is dismissed with prejudice as time-barred.

DATE:       June 26, 2013

ENTER:      _____
            John F. Grady, United States District Judge